{¶ 1} On this appeal from Judge Robert T. Glickman's acceptance of appellant James Carpenter's pleas of guilt, I dissent. The record reveals that the requirements of both Crim.R. 11(C) and R.C. 2943.032 were not met and, therefore, this case should be reversed and remanded.
 {¶ 2} Crim.R. 11(C)(2) mandates that the judge must determine that when a defendant enters a guilty plea, it is made knowingly, intelligently and voluntarily. Knowledge of the maximum penalty for the offense involved is vital and must be communicated to and understood by the defendant. Since post-release control is a potential part of every prison sentence, with additional incarceration as a sanction or penalty should the control be violated, R.C. 2943.032 requires the judge to "inform the defendant personally" that he may be subject to an additional prison term if he violates the conditions of post-release control.
 {¶ 3} At the plea hearing, Carpenter was told:
The Court: The State of Ohio has offered to allow you to plead to two counts, one being aggravated burglary, the other being aggravated robbery. Each one of these counts is a felony of the first degree. Felonies of first degree are potentially punishable by a period of incarceration anywhere from three to ten years in one year increments; do you understand that?
The Defendant: Yes, your Honor
The Court: Also, in each one of these counts, there is a one-year firearm specification. That means you would have to serve one year in the penitentiary prior to beginning any sentence you receive for either charge. Do you understand?
The Defendant: Yes, your Honor.
The Court: so your minimum sentence here is four years. Do you understand that ?
The Defendant: Yes, your Honor.
* * *
The Court: These charges also carry a potential fine of up to $20,000, but I presume, Mr. Carlin, that your client is indigent.
* * *.